UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HAROLD D. YOUNG,

      Plaintiff,

      v.

CITY OF LOGAN, et al.,

      Defendants.

Case No. 2:25-cv-698

JUDGE DOUGLAS R. COLE
Magistrate Judge Deavers

**OPINION AND ORDER**

      Plaintiff Harold Young, acting pro se, alleges that Defendants (a police officer and the officer's municipal employer) unlawfully took checks that belonged to Young and gave them to Mr. Jeramy Huckleberry (who is not party to this suit). (Compl., Doc. 18). Separately, Young also requests a temporary restraining order (TRO) and preliminary injunction (PI), claiming he needs to prevent retaliation against him for filing this lawsuit. (Doc. 4). Because Young is proceeding in forma pauperis, Magistrate Judge Deavers screened his Complaint and request for a TRO and PI under 28 U.S.C. § 1915(e)(2) and issued a Report and Recommendation. (R&R, Doc. 19). There, she recommends that the Court permit Young's individual-capacity Fourth Amendment unreasonable seizure claim against Defendant Officer Kyle Arnett to proceed, but dismiss all other claims. (*Id.* at #122). She further recommends the Court deny Young's request for a TRO and PI. (*Id.*). Young objected, three times. (Docs. 20, 22, 24). He also moved to amend his Complaint, two times. (Docs. 21, 23). And finally, Young requested the Court set a status conference and issue prompt rulings on various pending motions. (Doc. 26). So, the Court **ADOPTS** the R&R (Doc.

19), **OVERRULES** Young's Objections (Docs. 20, 22, 24), and thus as recommended, **DISMISSES** without prejudice all claims except Young's unreasonable seizure claim against Officer Kyle Arnett in his individual capacity and **DENIES** Young's request for a TRO and PI, (Doc. 4).

## BACKGROUND

With Young's filings now in the double digits, this suit has become a bit of a mess. But his original Complaint is short and relatively straightforward. There, he details an interaction that began when Logan police officers responded to a trespass complaint (presumably from Young) involving a "Mr. Huckleberry" being unlawfully present on Young's property. (Doc. 18, #99). During that incident, Young alleges that Huckleberry falsely accused Young of possessing checks that belonged to Huckleberry. (*Id.*). Young informed the responding officers that "the checks in question were his own and offered to retrieve them from inside the home." (*Id.* at #100). But Young claims that when he returned with the checks—which he alleges "contained his full name, banking information, account number, and routing number"—an officer took them and placed them in his pocket without explanation. (*Id.*). The next day, Young encountered Huckleberry again and "discovered that he was in possession of the very checks" that the officer had taken. (*Id.*). So presumably, the officer had given the checks to Huckleberry. That is the extent of the facts alleged in the Complaint. Based on these events, Young brings claims for (1) a violation of his rights under 42 U.S.C. § 1983, (2) negligent infliction of emotional distress, and

2

(3) violation of Ohio privacy and identity protection laws (citing Ohio Revised Code § 1349.19 et seq. and "relevant tort law"). (*Id.* at #100–01).

Just over a month after he filed suit, and before the Magistrate Judge approved his request to proceed in forma pauperis, Young filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction to Prevent Anticipated Retaliation (Doc. 4). There, Young states that he "has observed early indicators of retaliatory intent," such as sudden involvement by "Code Enforcement," "warnings and scrutiny" directed at his residence, and an "uptick in passive monitoring" near Young's home—i.e., "marked police vehicles lingering in the vicinity." (*Id.* at #17). Based on this, Young claims that he "has a credible fear that the situation will escalate into harassment, surveillance, or even physical intimidation." (*Id.* at #18). And Young claims the following foreseeable harms: (1) the chilling of his First Amendment right to access the courts, (2) irreparable psychological and emotional harm stemming from fear of retaliation, (3) disruption of the judicial process through witness tampering, and (4) spoliation of evidence, "as City agents may act to conceal or destroy materials relevant to this case." (*Id.*). So, Young requests the Court issue a TRO and PI restraining Defendants from any non-emergency contact with him, entering within five hundred feet of his residence or known locations, pursuing code enforcement actions against him, and deleting or concealing evidence related to Young or this litigation. (*Id.* at #19). He also requests an emergency hearing. (*Id.*).

Because Young sought to proceed in forma pauperis, the matter was referred under this Court's Amended Columbus General Order 22-01 to a Magistrate Judge

3

for initial handling. The Magistrate Judge granted Young's second request to proceed in forma pauperis and stated that she would conduct an initial screening of the Complaint as soon as practicable. (Doc. 8). In the meantime, Young filed an Emergency Motion to Preserve Body-Worn Camera Footage (Doc. 13), a Motion to Obtain Electronic Case Filing Rights (Doc. 14), a Reply in support of his request for a TRO, (Doc. 15), and the Declaration of Witness Jeramy Huckleberry (Doc. 16).

All of this occurred in less than a month, as the Magistrate Judge issued an Order and Report and Recommendation only twenty-seven days after granting Young leave to proceed in forma pauperis. (Doc. 19). There, invoking the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge issued an R&R recommending that the Court allow Young's Fourth Amendment unreasonable seizure claim against Defendant Officer Arnett in his individual capacity to proceed, but dismiss all other claims. (Doc. 19, #122). She further recommends denying Young's request for a TRO and PI. (*Id.*). Finally, her Order denied Young's Emergency Motion to Preserve Body-Worn Camera Footage (Doc. 13) and his Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights (Doc. 14).

In the R&R portion of her Order, the Magistrate Judge begins by discussing Young's § 1983 claims against each Defendant. (Doc. 19, #108). As for the claims against the City of Logan, she notes that any such claims "would be governed by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)." (*Id.* at #109). And under *Monell*, Young would need to assert some City policy or custom that caused the alleged constitutional violation. (*Id.*). But while Young requests

4

"injunctive relief requiring the Logan Police Department to implement and enforce proper training, procedures, and oversight," (Doc. 18, #102–03), he "makes no detailed allegations of any official policy, failure to train, a custom of tolerance or acquiescence to federal rights violations, or decision by a final policymaker that might give rise to a claim under *Monell*," (Doc. 19, #109). And even after liberally construing his request for relief as a possible failure to train claim, the Magistrate Judge recommends dismissing the § 1983 claims against the city because the Complaint lacks any "specific facts related to the City of Logan's actual training." (*Id.* at #110).

Turning to Officer Arnett, the Magistrate Judge first notes that he is not actually mentioned in the Complaint. (*Id.* at #111). But because of Young's pro se status, she infers that when Young discusses an officer who took his checks, Young means Officer Arnett (and she points out that Young later confirms this in his motion to preserve the body-cam footage). (*Id.*). The Magistrate Judge first recommends dismissal of any claim against Arnett in his official capacity as both (1) duplicative of claims against the city, and (2) failing for the same reason. (*Id.* at #112). Then, she recommends that, based on the allegation that the officer took Young's checks, the Court should allow Young's Fourth Amendment unreasonable seizure claim against Arnett in his individual capacity to proceed. (*Id.*). Finally, the Magistrate Judge finds that Young fails to state any other § 1983 claims and recommends dismissing the rest. (*Id.* at #112–14). Specifically, the Magistrate Judge finds that Young does not have a Fourth Amendment fundamental right to privacy in his financial affairs as he

claims, nor has Young asserted a Fourteenth Amendment due process claim (whatever that claim might be). (*Id.*).

The R&R next addresses Young's remaining state-law claims. First, the Magistrate Judge finds that Young's claim under Ohio Revised Code § 1349.19 (a provision about disclosing breaches of computerized data) and unidentified "relevant tort law" "has no applicability to Plaintiff's allegations here." (*Id.* at #115–16). Next, the Magistrate Judge recommends dismissing Young's negligent infliction of emotional distress claim because under Ohio law he "must allege that he was aware of real physical danger to himself or another" and he does not do so. (*Id.* at #116 (quoting *Baker v. Lind*, No. 1:23-CV-321, 2023 WL 3791646, at *4 (S.D. Ohio June 2, 2023), *report and recommendation adopted*, No. 1:23-cv-321, 2023 WL 6161550 (S.D. Ohio Sep. 21, 2023))).

The Magistrate Judge then recommends the Court deny Young's motion seeking a TRO and PI. (*Id.* at #117–20 (discussing Doc. 4)). That is so for several reasons. First, "any claimed injury in [Young's] TRO motion is not sufficiently related to the conduct complained of in the Complaint," as Young is instead alleging retaliation *after* the filing of this action. (*Id.* at #117). And a plaintiff cannot "seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint." (*Id.* at #117–18 (quoting *Hairston v. Sparks*, No. 1:22-cv-104, 2022 WL 22854896, at *1 (S.D. Ohio Nov. 22, 2022))). The Magistrate Judge also found that the request for relief failed to meet the mark on the traditional preliminary injunction factors (which also apply to a TRO): (1) likelihood of success on the merits,

6

(2) risk of irreparable harm without the preliminary injunction, (3) risk of the preliminary injunction harming others, and (4) whether the public interest would be served by issuance of the preliminary injunction. (*Id.* at #118 (citing *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012))). To start, the Magistrate Judge found that Young "has made no showing of the required strong or substantial likelihood of success on the merits of his action." (*Id.* at #119). And any claims of irreparable harm are "primarily pure speculation" because Young offers no evidentiary support for the potential harms he lists. (*Id.*). Then, because these issues are dispositive, the Magistrate Judge declined to even consider the final two factors. (*Id.* at #119–20 (citing *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012) (en banc))).

Along with offering recommendations on dispositive matters, the Order also rules on two non-dispositive motions: Young's Emergency Motion to Preserve Body-Worn Camera Footage (Doc. 13) and Young's Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights (Doc. 14)—denying both. (*Id.* at #120–22). She also ordered him to refile the motion to preserve body-camera footage as well as his reply in support of the motion for a TRO and PI, (Docs. 13, 15), because those filings did not contain his original signature as a pro se litigant. (*Id.* at #121).

Finally, the R&R advised Young that he had fourteen days to serve and file specific written objections. Young responded in force—he objected three times, (Docs. 20, 22, 24), and attempted to amend his Complaint twice, (Doc. 21, 23). Young's first

objection, the only one he filed within fourteen days, objects to the Magistrate Judge's recommended dismissals of his claims and her recommendation to deny the TRO and PI. (Doc. 20). As to the former, he purports to object to the recommended dismissals of a First Amendment retaliation claim and Fourteenth Amendment claims (due process and equal protection). (*Id.* at #125–26). But these objections are a bit odd, as his Complaint did not discuss a First Amendment retaliation or a Fourteenth Amendment equal protection claim. As for the non-dispositive motions, Young also objects to the Magistrate Judge's denial of his motion to preserve evidence, (Doc. 13), and the denial of his motion for pro se electronic filing rights, (Doc. 14). (*Id.* at #127).

Over two weeks later, Young sought leave to amend his Complaint to address the deficiencies identified by the Magistrate Judge in her R&R. (Doc. 21). There, he briefly states that he has met the Federal Rule of Civil Procedure 15(a)(2) standard to amend his Complaint and asks to file his Amended Complaint in the form attached as Exhibit A; but he fails to attach the asserted Exhibit A. (*Id.* at #130). On that same day, the Court received more objections from Young. (Doc. 22). There, he objects to the recommended dismissal of his claims against the City of Logan, his Fourteenth Amendment due process claims (again), his state-law claims, and his motion for a TRO and PI (also again). (*Id.* at #134–36).

Fast forward another month and a half. Young once again asks the Court to grant him leave to file an amended complaint. (Doc. 23). This time he clarifies (and successfully attaches an amended complaint) that he seeks leave to amend to "adjust the amount of damages sought and to further clarify the relief requested." (*Id.* at

8

#138). Specifically, he clarifies that he is seeking $50,000 in punitive damages (his original Complaint did not list an amount). (*Id.*).

Three days later, the Court received its third set of objections. (Doc. 24). In content, though, they are identical to the first set, (*see* Doc. 20), so the Court disregards them.

On that same day, the Court also received what Young labeled as his Reply in Support of Emergency Motion to Preserve Body-Worn Camera Footage (Doc. 25). This poses a problem, as the Magistrate Judge had denied that motion on August 28, 2025. (Doc. 19). Compounding the confusion, while he filed the Reply on November 11, 2025, he dated the document as being signed on August 26, 2025, (*see* Doc. 25, #147)—one day after Defendants' Response to the original motion and two days before the Magistrate Judge ruled on it. Presumably, Young intended the Magistrate Judge to have the benefit of his Reply when she ruled on his original motion to preserve body-camera footage, but for some reason, it arrived at the Court three months later. In any event, Young's reply did not fix the fundamental problem with his motion, that his "assertion of imminent destruction [of the footage] is mere conjecture." (Doc. 19, #121). While Young is welcome to file another motion seeking his injunction, the Court warns him that he must provide actual, concrete evidence of a real danger of evidence destruction.

That brings us to Young's final filing in this Court: his request for a status conference and "prompt ruling" on his pending motions. (Doc. 26, #154). As to the latter request, the Court will oblige, making the former request moot.

9

## LEGAL STANDARD

When addressing dispositive motions, including requests for preliminary injunctions, Magistrate Judges issue a Report and Recommendation. *See* Fed. R. Civ. P. 72(b). And, under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection.*" Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (quotation omitted). A litigant must identify each issue in the report and recommendation to which he objects with sufficient clarity for the Court to identify it, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). In response to such an objection, "the district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Bates*, 2023 WL 4348835, at *1 (quoting Fed. R. Civ. P. 72(b)(3)) (cleaned up).

When it comes to non-dispositive matters, a different approach applies. As to those, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (permitting judges to designate to magistrate judges any pretrial matter not excepted by the statute and to reconsider any decision on these pretrial matters under a "clearly erroneous or contrary to law" standard). "The 'clearly erroneous' standard applies to factual findings and the 'contrary to law'

standard applies to legal conclusions." *Simms v. Warden*, No. 2:22-cv-474, 2024 WL 4783911, at *1 (S.D. Ohio Nov. 14, 2024). As to the former, factual findings are clearly erroneous if the Court has a "definite and firm conviction" that a magistrate judge has erred. *Id.* As to the latter, legal conclusions are "'contrary to law' when the magistrate judge has 'misinterpreted or misapplied applicable law.'" *Id.* (citations omitted). Either approach affords the magistrate judge wide discretion and the Court will reverse a magistrate judge's order only if that discretion is abused. *Bonasera v. Pa. Nat'l Mut. Cas. Ins. Co.*, No. 2:19-cv-3817, 2021 WL 1785618, *1 (S.D. Ohio May 5, 2021).

## LAW AND ANALYSIS

Young has objected to both (1) the Magistrate Judge's report and recommendations on dispositive matters, and (2) the Magistrate Judge's rulings on non-dispositive motions. The Court reviews each but ultimately concludes that Young's objections are not well taken on either front.

### A. The Court Adopts the R&R.

The Court finds that Young cleared the first hurdle to obtain district court review—he offers sufficiently specific objections to the R&R. So the Court reviews the objected-to portions de novo. True, Young's *first* set of objections was somewhat lacking on this front, (*see* Doc. 20), but his second set directly objects to most of the Magistrate Judge's dismissal recommendations: (1) the dismissal of Young's claims against the City of Logan, (2) the dismissal of Young's Fourteenth Amendment claims, (3) the dismissal of Young's state-law claims, and (4) the denial of his request

11

for a TRO. (Doc. 22, #133–36). So the Court disregards Young's first objections, at least as to the R&R,[1] (Doc. 20), but treats his second objections, (Doc. 22), as proper. One could perhaps quibble that the Court received these second objections eighteen days after the deadline for objecting. But given Young's pro se status, and more importantly, that he received the R&R by regular mail and objected by the same, the Court considers them timely. *Sims v. Moss*, No. 3:24-cv-1052, 2025 U.S. Dist. LEXIS 220803, *1 (M.D. Tenn. June 18, 2025). But while the Court *considers* the objections, the Court's de novo review of the objected-to portions does not change the outcome. As discussed below, the Court agrees with the R&R and adopts it in its entirety.

To start, the Court agrees that Young fails to state a § 1983 claim against the City of Logan. (Doc. 19, #108). As Young acknowledges, any such claim against the city is governed by *Monell*, 436 U.S. at 691, and its requirement that Young's injury arise from some city custom or policy. (Doc. 22, #134). And while Young's objections clarify his Complaint's vague reference to "proper training, procedures, and oversight," (Doc. 18, #103), as the city's "failure to establish adequate safeguards for private property entrusted during police investigations," Young still fails to point to any facts (other than what allegedly happened to him) in support of, or further explaining, the alleged failure, (Doc. 22, #134). So, the Court agrees with the Magistrate Judge that Young has failed to plausibly allege a custom or policy, and therefore the Court dismisses any § 1983 claims against the City of Logan. And for

---

[1] Young's objections to the Magistrate Judge's rulings on his non-dispositive motions are discussed below. *See* infra Law & Analysis, Part B.

12

that same reason, the Court also dismisses any official capacity § 1983 claims against Officer Arnett.

Turn now to the Fourteenth Amendment claims. While his Complaint did not make it clear, Young's objections now clarify that he is pressing both procedural and substantive due process Fourteenth Amendment claims regarding the deprivation of his property (the checks). (Doc. 22, #135). The Magistrate Judge recommends dismissing any procedural due process claim because Young provided no facts showing that the state lacks adequate post-deprivation remedies. (Doc. 19, #113–14 (citing *Jenkins v. Soc. Sec. Admin.*, No. 2:24-cv-4244, 2024 WL 5120020, at *2 (S.D. Ohio Dec. 16, 2024))). On this front, his objections argue that Ohio remedies are inadequate because they "cannot cure the exposure of sensitive financial data once it has been disseminated." (Doc. 22, #135). But the case that he cites, *Parratt v. Taylor*, 451 U.S. 527 (1981), did not recognize that the exposure of sensitive financial data gives rise to an incurable harm. Rather, it states that when "[t]he remedies provided could have fully compensated the respondent for the property loss he suffered, … they are sufficient to satisfy the requirements of due process." *Id.* at 544. Nor in any event does the Court see how any remedy it could offer under § 1983 would do anything more than state remedies could to cure any harm that arose from Huckleberry or the officer seeing what was on the checks. So the Court dismisses that claim.

Turning to the substantive due process claim, the Magistrate Judge found that Young's factual allegations do not suggest circumstances that would "shock the conscience" and more fundamentally, "[p]rivacy in financial records is not a right that

13

is either fundamental or implicit in the concept of ordered liberty." (Doc. 19, #114 (quoting *Moore v. Wesbanco Bank, Inc.*, No. 2:10-cv-514, 2013 WL 11821469, at *8 (S.D. Ohio Nov. 12, 2013), *aff'd*, 612 F. App'x 816 (6th Cir. 2015). The Court agrees that "[n]either the Supreme Court nor the Sixth Circuit has recognized a fundamental right to privacy in financial records" and accordingly dismisses Young's substantive due process claim. *Moore*, 2013 WL 11821469, at *8.

As to the remaining § 1983 claim: the Fourth Amendment unreasonable seizure claim against Officer Arnett, Young of course does not object to the Magistrate Judge's finding that it should proceed. (Doc. 19, #112). The Court, finding no clear error, agrees that this one claim—based on Officer Arnett allegedly taking Young's checks—should proceed.

Turn now to the state-law claims. The Magistrate Judge recommends that Young's claim under Ohio Revised Code § 1349.19 and "relevant tort law" be dismissed because that statute deals with computerized data breaches and only authorizes actions by the Ohio Attorney General. (*Id.* at #115–16). Young objects that this analysis neglects "to consider the statute's purpose" of protecting personal identifying information, and argues that regardless, he has sufficiently alleged negligence, conversion, and invasion of privacy claims. (Doc. 22, #135). Unfortunately for Young, this Court cannot entertain a claim under an Ohio statute that does not create a cause of action. And even if the Court squints and generously interprets Young's reference to "relevant tort law" as advancing a negligence claim based on an alleged breach of some duty that § 1349.19 creates, that claim still fails because

14

*Young failed to plausibly allege any violation* of that provision. And Young's references to *other* tort claims fail because he has not alleged any facts about negligence, conversion, or invasion of privacy. (*Id.*). So the Court dismisses those state-law claims, too. Separately, Young did not object to the Magistrate Judge's recommended dismissal of his negligent infliction of emotional distress claim. (Doc 19, #116–17; Doc. 22, #135). The Court finds no clear error there and dismisses that claim, as well.

That brings us to the recommended dismissal of Young's request for a TRO and PI. (Doc. 4). That request is largely based on Young's allegations of retaliation since the filing of this Complaint. (*See generally id.*). The Magistrate Judge found that Young has no grounds to seek emergency relief based on unlawful conduct not found in his original Complaint, and that Young's allegations of retaliatory conduct by the Defendants are of course, not in his Complaint. (Doc. 19, #117–18). Moreover, she found that the "motion could not succeed on its merits" under the preliminary injunction factors because Young has not shown a likelihood of success nor a risk of irreparable harm beyond "pure speculation." (*Id.* at #118–19). Young's objections, for his part, claim that the R&R fails to consider the "irreparable harm posed by the unauthorized circulation of [his] financial instruments." (Doc. 22, #136).

This Court agrees with the R&R and denies the motion. For one, the Court fails to see how Young's requested injunctive relief concerns his "financial instruments," as he is requesting the Court restrain Defendants from contacting him, pursuing code enforcement against him, and deleting evidence. (Doc. 4, #19).

15

Separately, the Court agrees that the motion fails under the preliminary injunction factors. For example, as to success on the merits, Young fails to plead facts that allow the Court to reasonably infer that Defendants are acting unlawfully. The "early indicators of retaliatory intent" he pleads, such as "involvement by Code Enforcement," "warnings and scrutiny directed at [Young's] residence," and "marked police vehicles" near his home are vague and inconclusive; Young also fails to explain how they are unlawful. (*Id.* at #17). Nor do those allegations suggest that Young is actually facing irreparable harm. And as the Magistrate Judge notes, a Court need not consider all the factors if those it has considered are dispositive. (Doc. 19, #119–20 (citing *Jones*, 341 F.3d at 476, *abrogated in part on other grounds by Lewis*, 681 F.3d 312). So the Court denies Young's motion for a TRO and PI. (Doc. 4).

Accordingly, the Court adopts the R&R (Doc. 19) in its entirety, dismissing all claims without prejudice—except Young's Fourth Amendment unreasonable seizure claim against Officer Arnett in his individual capacity, which may proceed—and denying his request for a TRO and PI, (Doc. 4).

**B.  The Court Overrules the Objections on the Rulings on the Non-Dispositive Motions.**

Young also objects to the Magistrate Judge's ruling on two of his non-dispositive motions. (Doc. 20, #127). The Court's review on those rulings, however, is more circumspect: findings of fact are reviewed for clear error, and legal conclusions are set aside if they are contrary to the law. Finding no such error, the Court overrules Young's objections.

As to the first motion, the Magistrate Judge denied Young's Emergency Motion to Preserve Body-Worn Camera Footage (Doc. 13) both because it was "premature as discovery ha[d] not begun" and because Young's "assertion of imminent destruction [was] mere conjecture … not 'premised on a demonstration that a real danger of evidence destruction exist[ed].'" (Doc. 19, #120–21 (quoting *John B. v. Goetz,* 531 F.3d 448, 459 (6th Cir. 2008))). Young objected, claiming that he *had* "provided factual support showing Defendants' intent to conceal or destroy key evidence." (Doc. 20, #127).

The Court disagrees with Young. The only factual support he initially provided is his assertion that body-worn camera footage "is subject to automatic deletion under Ohio law and internal police policies," (Doc. 13, #50 (citing Ohio Revised Code § 2933.82)); nor does he provide any additional facts in his objection, (Doc. 20, #127). And as the Magistrate Judge pointed out, that provision "relates only to securing biological evidence" (and the Court notes that it does not discuss "automatic deletion"). (Doc. 19, #121). So the Court overrules the objection.

Second, the Magistrate Judge denied Young's Motion by Pro Se Litigant to Obtain Electronic Case Filing Rights (Doc. 14) because "the grant of electronic filing privileges is a *privilege* granted to pro se litigants in the discretion of [the] [c]ourt," (Doc. 19, #21 (emphasis in original) (quoting *Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019))), and Young "has not demonstrated any need for such privileges or given any reason why they should be granted," (*id.*). Young objects but does not offer any specific facts about why *he* needs

17

ECF access. (Doc. 20, #127). Accordingly, the Court overrules the objection as the Magistrate Judge did not act contrary to law. Separately, the Court advises Young (as did the Magistrate Judge) that he may renew this motion at a later time if he can demonstrate *individual* circumstances that warrant granting him the access he seeks.

### C. Young's Other Motions.

That leaves Young's other outstanding motions on which the Magistrate Judge has not ruled. Specifically, Young appears to have a desire to amend his Complaint to pursue those now-dismissed claims against Defendants. (*See* Docs. 21, 23). In the interest of efficiency, the Court will rule on them now, rather than waiting for the Magistrate Judge to address them first. The Court denies his two outstanding motions to amend his Complaint, (Docs. 21, 23), but grants Young thirty days in which to seek leave to file a new amended complaint to address the issues raised in this Order. And because the Court has now ruled on all outstanding motions, it denies Young's Motion to set a status conference, (Doc. 26), as moot, but without prejudice to his ability to re-raise the need for a status conference if one exists.

## CONCLUSION

The Court **OVERRULES** Young's Objections (Docs. 20, 22, 24) and **ADOPTS** the R&R's (Doc. 19) recommendations. The Court therefore **DISMISSES** all claims except Young's Fourth Amendment unreasonable seizure claim against Defendant Officer Kyle Arnett in his individual capacity **WITHOUT PREJUDICE**. The Court **DENIES** Young's Motion for Temporary Restraining Order and Preliminary

Injunction to Prevent Anticipated Retaliation (Doc. 4). The Court also **DENIES** Young's two motions to amend the Complaint, (Docs. 21, 23), but **GRANTS** Young thirty-one days (on or before March 9, 2026) in which to seek leave to file an amended complaint, attaching the proposed amended complaint. Finally, the Court **DENIES** as moot Young's Motion to Set Status and for Prompt Ruling on Pending Objections and Motions (Doc. 26).

    **SO ORDERED.**

February 6, 2026
 **DATE**                                     **DOUGLAS R. COLE**
                                               **UNITED STATES DISTRICT JUDGE**