### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**HAROLD D. YOUNG,**

       **Plaintiff,**

       **v.**

**CITY OF LOGAN,** *et al.*,

       **Defendants.**

:
:
:
:
:    **Case No. 2:25-cv-00698**
:    **Judge Douglas R. Cole**
:    **Magistrate Judge S. Courter M. Shimeall**
:
:
:
:

### ORDER and REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Plaintiff Harold D. Young's Motion for Leave to File Amended Complaint (ECF No. 28), and his Corrected Motion for Leave to File Amended Complaint (ECF No. 30). Remaining Defendant Officer Kyle Arnett opposes this request. (ECF No. 31.)

Previously, in its February 6, 2026 Opinion and Order, the District Judge adopted the Magistrate Judge's Report and Recommendation, which resulted in dismissal without prejudice of all of Plaintiff's claims except for his unreasonable seizure claim against Officer Arnett in his individual capacity. The Court did permit Plaintiff an additional thirty days, however, to amend his Complaint. (ECF No. 27.)

On February 10, 2026, Plaintiff filed for leave to amend his Complaint (ECF No. 28), which was deficient because it lacked a wet signature. He thereafter he filed his Corrected Motion for Leave to File Amended Complaint on February 18, 2026. (ECF No. 30.) Both motions were timely filed. As an initial matter, because Plaintiff's subsequently filed Motion for Leave is merely a corrected version of his first Motion, ECF No. 28 is **DENIED** as **MOOT**.

Moreover, because Plaintiff is proceeding *in forma pauperis*, the Undersigned must conduct an initial screen of Plaintiff's proposed Amended Complaint (ECF No. 30) pursuant to 28 U.S.C. § 1915(e)(2), to identify cognizable claims and/or to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's Motion to Amend (ECF No. 30) as futile, on the grounds that it fails to state a claim upon which relief can be granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

The factual and procedural history of this case has been discussed in great detail in the Magistrate Judge's August 28, 2025 Order and Report and Recommendation (ECF No. 19), as well as in the District Judge's February 6, 2026 Opinion and Order (ECF No. 27); thus the Court will not rehash the entire case history here. Briefly, though, Plaintiff originally brought this lawsuit against Officer Arnett and the City of Logan alleging that they unlawfully took his checks and gave them to a non-party to this lawsuit.

He now seeks to amend his Complaint, hoping to cure the deficiencies of his previous Complaint and add the City of Logan back in as a defendant. Specifically, Plaintiff asserts that his proposed Amended Complaint pleads concrete facts supporting a failure-to-train and failure-to-supervise theory of liability against the City under *Monell*. (ECF No. 30, at PAGEID #: 191–92); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Additionally, Plaintiff filed a "Memorandum of Law in Support of Supervisory and Municipal Liability Claims" (ECF No. 33), which, although untimely, the Court will construe as a Reply in Support of his

Corrected Motion to Amend.[1]  In his Reply, Plaintiff alleges the additional following relevant facts in support of his *Monell* claim:

- On June 1-2, 2025, Plaintiff handed the checks to Officer Arnett inside his residence;
- At least four officers were present, including a supervising officer, and the supervising officer was physically present in the room;
- The checks were neither logged into evidence nor was a property receipt issued;
- The checks were not deposited into a designated evidence location as required by Logan Municipal Code §§ 139.12–139.14; and
- The supervisor observed the seizure and did not direct compliance with the mandatory deposit and logging procedures.

(ECF No. 33, at PAGEID #: 223.)

He also asserts a narrowed Procedural Due Process Claim, alleging that: (1) he had a protected property interest in the seized checks; (2) he was deprived of that property without notice or an opportunity to be heard; and (3) there was a lack of adequate post-deprivation process.  (ECF No. 30, at PAGEID #: 192.)  Finally, he states that he has provided additional clarification for the Fourth Amendment unreasonable seizure claim that was allowed to proceed.[2]  (*Id.*)

## II.    LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts.  *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines

---

[1] The Undersigned further notes that Plaintiff raises additional factual allegations in this Reply.  Although it is generally improper to raise additional facts and arguments in a Reply, for the ease of resolving these motions expeditiously, and because Plaintiff is *pro se*, the Court will evaluate the facts alleged in both the proposed Amended Complaint and the Reply.  *See Million v. Warren Cty., Ohio*, 440 F. Supp. 3d 859, 871 (S.D. Ohio 2020), *aff'd*, 856 F. App'x 1 (6th Cir. 2021) ("Typically, a party cannot raise new arguments on reply." (citations omitted)).

[2] Upon review, the Undersigned does not find that Plaintiff has alleged any additional relevant facts pertaining to his Fourth Amendment claim, and therefore, will not address the Fourth Amendment claim in its analysis.

3

are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted).  Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient  *Id.* (cleaned up).  Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Id*. (citations and quotations omitted).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  The Court "should not have to guess at the nature of the claim asserted." *Wells*, 891 F.2d at 594.

Under Rule 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits" (internal quotations omitted)).

"Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).  A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

III.    ANALYSIS

Upon review, Plaintiff's proposed Amended Complaint does not cure the deficiencies outlined in the Court's previous Orders.  The Court will address each proposed amendment in turn.

**A. Plaintiff Fails to Allege a Plausible *Monell* Claim**

First, even if the Court considers the additional facts raised in Plaintiff's Reply as to the *Monell* claim against the City of Logan, he has still not sufficiently alleged facts that support the required elements of a *Monell* claim.  As the Magistrate Judge previously explained:

> To satisfy *Monell*, a Plaintiff can assert one of four things: "(1) the existence of an illegal official policy or enactment; (2) the existence of a policy of inadequate training or supervision; (3) the existence of a custom of tolerance or acquiescence to federal rights violations; or (4) that an official with final decision-making authority ratified the illegal actions." *Id.* [quoting *Westbrook v. City of Cincinnati*, 667 F. Supp. 3d 665, 670 (S.D. Ohio 2023) (further citations omitted)]
>
> Here, Plaintiff makes no detailed allegations of any official policy, failure to train, a custom of tolerance or acquiescence to federal rights violations, or decision by a final policymaker that might give rise to a claim under *Monell*.

(R&R, ECF No. 19, at PAGEID #: 109.)

> The District Judge further noted in its Opinion and Order adopting the R&R that:

> [W]hile Young's objections clarify his Complaint's vague reference to "proper training, procedures, and oversight," . . .  as the city's "failure to establish adequate safeguards for private property entrusted during police investigations," Young still fails to point to any facts (other than what allegedly happened to him) in support of, or further explaining, the alleged failure . . . . So, the Court agrees with the Magistrate Judge that Young has failed to plausibly allege a custom or policy, and therefore the Court dismisses any § 1983 claims against the City of Logan.

(Op. & Order, ECF No. 27, at PAGEID #: 169.)

Plaintiff has narrowed his *Monell* theory of liability to one that asserts a failure to train and supervise, alleging that the City of Logan failed to adequately train its officers regarding: "constitutional limits on warrantless seizures"; "[t]he obligation to provide notice and post-deprivation process"; and "[t]he handling and prompt return of property seized without criminal charges."  (ECF No. 30, at PAGEID #: 197.)

According to the Sixth Circuit, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  *Helphenstine v. Lewis Cty.*, 60 F.4th

6

305, 323 (6th Cir. 2023) (citing *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).  As the Sixth Circuit explained, to successfully plead a failure-to-train theory, a plaintiff must plausibly allege that the governmental entity was deliberately indifferent.  *Id.*  This can be shown in two ways.  A plaintiff "may prove (1) a 'pattern of similar constitutional violations by untrained employees' or (2) 'a single violation of federal rights, accompanied by a showing that [the municipality] has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation.'" *Id.* (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 738–39 (6th Cir. 2015)).  As to the second option, when a plaintiff is trying to rely on a single-incident theory to show a failure to train, there are an additional three elements that must be met: "(1) that the [government entity's] 'training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 902 (6th Cir. 2018).

Proceeding under a theory of failure to supervise has similar requirements.  *See Bickerstaff v. Cuyahoga Cty.*, No. 1:18cv1142, 2020 U.S. Dist. LEXIS 172966, at *26 (N.D. Ohio Sep. 21, 2020) (explaining that, to state a claim under a failure-to-supervise theory, a plaintiff must show that "the government's policy or custom was 'representative of (1) a clear and persistent pattern of illegal activity, (2) which the [government] knew or should have known about, (3) yet remained deliberately indifferent about, and (4) that the [government's] custom was the cause of the deprivation of her constitutional rights" (internal citations and quotations omitted)).

In this case, Plaintiff's proposed Amended Complaint attached as an exhibit to ECF No. 30 lacks any factual basis to plausibly demonstrate that the City's purported failure to train or supervise contributed to his alleged harm; instead, it just recites the elements of *Monell*, and the

7

basic facts of what allegedly happened to him.  But those conclusory allegations are not enough. *See Freeman v. Spoljaric*, 667 F. Supp. 3d 636, 651 (S.D. Ohio 2023) ("A *Monell* claimant must demonstrate 'that the municipality had a 'policy or custom' that *caused* the violation of his rights." (citations omitted) (emphasis added)).

Moreover, even if the Court accepts the additional facts in Plaintiff's Reply as properly pleaded, the proposed Amended Complaint still would fall short of sufficiently stating a *Monell* claim.  (*See* ECF No. 33.)  This is because, at most, Plaintiff has alleged one instance of one officer not following a procedure.  And as the Sixth Circuit has explained, one officer's failure to comply with a statute or rule is generally insufficient to show that the City was deliberately indifferent to a need to train officers.  *See Harvey v. Campbell Cty., Tenn.*, 453 F. App'x 557, 567 (6th Cir. 2011) (explaining that deliberate indifference based on one violation of rights requires "a complete failure to train the police force," which entails "training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result" (quoting *Hays v. Jefferson Cty.*, 668 F.2d 869, 874 (6th Cir.1982)); *see also Shadrick*, 805 F.3d at 739 (explaining that the single-violation approach is only available in a "narrow range of circumstances," such as when it is "accompanied by a showing that [the government entity] has failed to train its employees to handle recurring situations presenting an obvious potential for a constitutional violation" (cleaned up)).

Moreover, Plaintiff has not alleged other instances of similar violations or a clear and persistent pattern of disregard.  Additionally, the allegations fail to plausibly allow an inference that the City's deficiency in training was so obvious that failure to provide that training amounted to deliberate indifference.  Finally, Plaintiff generally fails to allege how the training was deficient. He just assumes it was based on Officer Arnett's actions.  But such an assumption is insufficient

8

for *Monell* purposes.  *See Kalchert v. Adamek*, No. 24-12637, 2026 U.S. Dist. LEXIS 35569, at *9 (E.D. Mich. Feb. 20, 2026) ("A plaintiff fails to state a *Monell* failure-to-train claim where there is no 'particular allegations regarding the training [the defendant] provides . . . other than it must be inadequate given the [alleged violation].'" (further citations omitted)).

Accordingly, the Court finds that Plaintiff has failed to state a *Monell* claim against the City of Logan and finds that any amendment to add this claim against this defendant would be futile.  *See Hunter v. Dove*, 711 F. Supp. 3d 862, 869–70 (S.D. Ohio 2024), *appeal dismissed*, No. 24-3111, 2024 WL 5402636 (6th Cir. Nov. 19, 2024) ("Although a pro se litigant is entitled to a liberal construction of [his] pleadings and filings, [he] still must do more than assert bare legal conclusions, and the 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005))).

## B. Plaintiff Fails to Allege a Plausible Fourteenth Amendment Procedural Due Process Claim

Plaintiff has likewise failed to properly plead a Procedural Due Process claim.

To adequately state a Procedural Due Process claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that: he had a (1) property interest protected by the Due Process Clause; (2) he was deprived of that interest; and (3) defendants did not provide him adequate procedural rights prior to that deprivation.  *See Cooperrider v. Woods*, 127 F.4th 1019, 1042 (6th Cir. 2025).

Arguably, Plaintiff has sufficiently alleged that he has a valid property interest in the checks.  *See Franken Invs., Inc. v. City of Flint*, 218 F. Supp. 2d 876, 886 (E.D. Mich. 2002) ("[T]he Supreme Court has impliedly recognized that money is a protected property interest." (citing *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 571–72 (1972) (cleaned up))).  But merely alleging the deprivation of property is insufficient to state a Fourteenth Amendment

9

Procedural Due Process claim.  *See Jenkins v. Soc. Sec. Admin.*, No. 2:24-CV-4244, 2024 U.S. Dist. LEXIS 226971, at *6 (S.D. Ohio Dec. 16, 2024) (a plaintiff "deprived of property through a random and unauthorized act" of a government employee does not state a due process claim "merely by alleging the deprivation of property") (quoting *Darling v. Lake Cty. Bd. of Comm'rs*, No. 1:12CV194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (citing *River City Cap., L.P. v. Bd. of Cty. Com'rs, Clermont Cty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007))).

Instead, "[i]t is well-settled that in order to state a due process claim for the deprivation of property that resulted from a state employee's 'random and unauthorized act," the plaintiff must allege facts showing that he lacked an adequate post-deprivation remedy to rectify the wrong. *Geer v. Ginocchio*, No. 1:17-cv-214, 2017 U.S. Dist. LEXIS 86942, at *9 (S.D. Ohio Apr. 19, 2017); *see also Copeland v. Machulis*, 57 F.3d 476, 479–80 (6th Cir. 1995) ("[I]n a § 1983 case 'claiming the deprivation of a property. . . interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate" (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983))).  This applies to unauthorized deprivations of property whether the state employee acted negligently or intentionally.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Here, Plaintiff has failed to plausibly allege facts that support the other required elements a Procedural Due Process claim, in particular that the state remedies are insufficient to address his alleged grievances.  And in any event, the Court does not find that Ohio lacks an adequate post-deprivation process under the circumstances.  *See Martinez v. City of Cleveland*, 700 F. App'x 521, 523 (6th Cir. 2017) (quoting *Locurto v. Safir*, 264 F.3d 154, 170 (2d Cir. 2001) ("Whether a post-deprivation remedy is adequate presents a question of law.")).  Indeed, as another Southern District of Ohio Magistrate Judge has previously found, Ohio's post-deprivation remedies are not

10

inadequate in these types of circumstances. *Geer*, 2017 U.S. Dist. LEXIS 86942, at *10–11. For example, she found that there are processes by which individuals can seek the return of items taken by state government actors, including, as relevant here, by "a civil action for replevin" or a lawsuit brought in the Ohio Court of Claims. *Id.*; *see also Decastro v. Wagner*, No. 1:22-CV-204, 2023 U.S. Dist. LEXIS 135625, at *8 (S.D. Ohio Aug. 3, 2023) (finding no Procedural Due Process violation related to a confiscated cell phone when the plaintiff was able to file a replevin action to seek the return of his property).

For these reasons, even if accepting all of his allegations as true, Plaintiff fails to state a Procedural Due Process claim. As a result, the Court finds that amending the Complaint to add this claim back in against the City and Officer Arnett would be futile.

## IV. CONCLUSION

Accordingly, the Undersigned **DENIES** Plaintiff's deficient Motion to Amend (ECF No. 28) as **MOOT**; and further **RECOMMENDS** that the Court **DENY** Plaintiff's Corrected Motion to Amend (ECF No. 30) on the basis that any amendment would be futile.

## <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**