**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HAROLD D. YOUNG,**

      **Plaintiff,**

      **v.**

**CITY OF LOGAN, et al.,**

      **Defendants.**

**Case No. 2:25-cv-698**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Shimeall**

### ORDER AND OPINION

On February 6, 2026, the Court adopted the Magistrate Judge's previous Report and Recommendation (Doc. 19), dismissing all of Plaintiff Harold Young's claims except his Fourth Amendment unreasonable seizure claim against Defendant Officer Kyle Arnett in his individual capacity. (Op. & Order, Doc. 27, #175). But because that dismissal rested on pleading defects, the Court dismissed without prejudice, and granted Young thirty-one days in which to seek leave to file an amended complaint if he wished to do so. (*Id.* at #175–76). Young now seeks that leave. (*See* Mot. for Leave to File Am. Compl., Doc. 30). Defendants responded, (*see* Resp., Doc. 31), and Young filed a memorandum in reply, (*see* Doc. 33). Magistrate Judge Shimeall has reviewed the briefing and issued a new Report and Recommendation (R&R, Doc. 34), recommending the Court deny the motion for leave to file because Young's proposed amended complaint fails to state a claim upon which relief can be granted, (*id.* at #230). Young did not object to that R&R, and the time to do so has since passed. For the reasons discussed briefly below, and especially in light of Young's failure to object, the Court agrees with and **ADOPTS** the recommendation

(Doc. 34) and so **DENIES** Young's Motion for Leave to File an Amended Complaint (Doc. 30) as futile.

## BACKGROUND

To briefly recount the facts of this case, Young alleges that Officer Arnett unlawfully took Young's checks and gave them to a non-party to this lawsuit. (Compl., Doc. 18, #99–100). Based on that, Young brought several claims against both Officer Arnett and the City of Logan, the officer's employer. (*Id.* at #100–01). But Young failed to sufficiently plead most of those claims, so the Court dismissed them all except the Fourth Amendment unreasonable seizure claim against Officer Arnett in his individual capacity. (Doc. 27, #175).

Now, Young seeks to amend his Complaint to cure the deficiencies the Court identified in his claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), against the City of Logan and his procedural due process claim against both Defendants. (*See* Doc. 30). But because Young is proceeding in forma pauperis, the Magistrate Judge screened the proposed amended complaint under 28 U.S.C. § 1915(e)(2) and issued an R&R. (Doc. 34, #230). There he recommends denying leave to amend. (*Id.*). That is because the Magistrate Judge concluded that Young, once again, fails to allege the facts necessary to plausibly state his claims. (*Id.*). Indeed, the Magistrate Judge found that the proposed amended complaint—even considered in light of the additional facts raised in Young's reply brief—fails to sufficiently allege the required elements of a *Monell* or a procedural due process claim. (*Id.* at #234).

2

Regarding the former, the Magistrate Judge found that while the new version of Young's complaint at least narrows his claim to an alleged failure to train and supervise by the City, "it just recites the elements of *Monell*, and the basic facts of what allegedly happened to him." (*Id.* at #235–36). And even if one credits the additional facts Young included in his Reply (although typically only allegations in the proposed amended complaint itself count), the Magistrate Judge found that Young at most alleges "one instance of one officer not following a procedure." (*Id.* at #236). And the problem is that "one officer's failure to comply with a statute or rule is generally insufficient to show that the City was deliberately indifferent to a need to train officers." (*Id.* (citing *Harvey v. Campbell Cnty., Tenn.*, 453 F. App'x 557, 567 (6th Cir. 2011))). So the R&R recommends dismissal of that claim. (*Id.* at #237).

As for Young's other attempted claim, which asserts a procedural due process violation, the Magistrate Judge found that Young likewise fails to plead a viable claim. (*Id.*). That is because "to state a due process claim for the deprivation of property that resulted from a state employee's 'random and unauthorized act,' the plaintiff must allege facts showing that he lacked an adequate post-deprivation remedy to rectify the wrong." (*Id.* at #238 (quoting *Geer v. Ginocchio*, No. 1:17-cv-214, 2017 U.S. Dist. LEXIS 86942, at *9 (S.D. Ohio Apr. 19, 2017) (R&R), *adopted by* 2017 U.S. Dist. LEXIS 85784 (S.D. Ohio June 5, 2017))). Even assuming Young had a property interest in the checks Officer Arnett allegedly took, the Magistrate Judge found that Young failed to plead facts suggesting that state remedies were unavailable. (*Id.*). And regardless, the Magistrate Judge found that, as a matter of

3

law, Ohio has adequate post-deprivation process for the recovery of seized personal property. (*Id.*).

Accordingly, the R&R recommends denying Young's Motion for Leave to File Amended Complaint (Doc. 30). (Doc. 34, #239). The R&R also advised Young that he had 14 days to file specific written objections, noting that failing to do so may forfeit rights on appeal. (*Id.* at #239–40 (citing *Thomas v. Arn*, 474 U.S. 140 (1985))); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections (emphasis omitted)); 28 U.S.C. § 636(b)(1)(C). That meant Young needed to object by May 14, 2026. He did not do so.

## LEGAL STANDARD AND ANALYSIS

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review a[] [report and recommendation] de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that de novo review requirement extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). For unobjected portions of an R&R, by contrast, the plaintiff has forfeited his right to such review. *Berkshire*, 928 F.3d at 530. Still, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court [] must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

4

Here, Young has not objected to the R&R. And, having reviewed the R&R, the Court finds no clear error. The Court agrees that Young's proposed amendment is futile as to both the *Monell* and procedural due process claims. While Young names various *Monell* theories, just as before, he still fails to point to any facts, other than the single instance of what allegedly happened to him, in support of any failure to train or supervise claim. (*See* Proposed Am. Compl., Doc. 30-1, #197–98). That is not enough. Simply alleging that "the City of Logan failed to adequately train and supervise" its officers regarding "warrantless seizures of personal property," with no accompanying details, does not allow the Court to plausibly infer from one alleged act that the City was deliberately indifferent to the need for training its officers. (*Id.*). And while his reply brief claims (for the first time) that Officer Arnett's failure to log the checks into evidence violated the Logan Municipal Code, (Doc. 33, #223), the Court finds no clear error in the R&R's conclusion that "one officer's failure to comply with a statute or rule is generally insufficient to show that the City was deliberately indifferent to a need to train officers," (Doc. 34, #236 (citing *Harvey*, 453 F. App'x at 567)).

Nor does the Court find clear error in the R&R's recommendation on the procedural due process claim. The Magistrate Judge correctly stated that such a claim requires that the plaintiff lack adequate post-deprivation remedies under state law, (*id.* at #238), and the Magistrate Judge committed no clear error in finding those remedies sufficiently available to Young here, (*id.* at #239); *Geer*, 2017 U.S. Dist. LEXIS 86942, at *10–11 (discussing Ohio remedies for the return of seized property).

5

In sum, the R&R did not clearly err in finding that Young fails to state a *Monell* or due process claim. So the Court adopts the R&R in its entirety. That in turn means that Young's Motion for Leave to File Amended Complaint (Doc. 30) fails on futility grounds.

## CONCLUSION

Finding no clear error, the Court adopts the R&R (Doc. 34) in its entirety. Accordingly, the Court **DENIES** Young's Motion for Leave to File Amended Complaint (Doc. 30) as futile.

**SO ORDERED.**

May 29, 2026
**DATE**
  **DOUGLAS R. COLE**
  **UNITED STATES DISTRICT JUDGE**